EMILY K. MURBARGER, ESQUIRE
MARK B. FROST & ASSOCIATES
7 North Columbus Boulevard, 2ⁿᵈ Floor
Philadelphia, PA 19106
215-351-3333
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Paul Kaminski<br>2624 18ᵗʰ Avenue<br>Wall, NJ 07719, | Civil Action No.<br>**COMPLAINT** |
| Stephen J. Russell<br>214 Huntington Avenue<br>Pine Beach, NJ 08741, | |
| Frank T. Palino<br>23 Ridgemont Drive<br>Lanoka Harbor, NJ 08734, | |
| Richard T. Ross<br>1902 Charlton Circle<br>Toms River, NJ 08755, | |
| Plaintiffs, | |
| vs. | |
| Township of Toms River<br>33 Washington Street<br>Toms River, NJ 08753, | |
| Michael Mastronardy<br>Individually and in his official<br>     capacity<br>Chief of Police<br>255 Oak Avenue<br>Toms River, NJ 08753, | |
| Vincent Pedalino<br>Individually and in his official<br>     capacity<br>255 Oak Avenue<br>Toms River, NJ 08753, | |
| Steven Gerding<br>Individually and in his official | |

capacity
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Raymond Maloney**
**Individually and in his official**
capacity
**255 Oak Avenue**
**Toms River, NJ 08753,**


**William Morsch**
**Individually and in his official**
capacity
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Michael Miller**
**Individually and in his official**
capacity
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Christopher Dudzik**
**Individually and in his official**
capacity
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Christopher Anderson**
**Individually and in his official**
capacity
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Patrick Dellane**
**Individually and in his official**
capacity
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Shaun O'Keefe**
**Individually and in his official**
capacity
**255 Oak Avenue**

Toms River, NJ 08753,

**Jeffrey Lennox**
**Individually and in his official**
**capacity**
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Michael Brosnan**
**Individually and in his official**
**capacity**
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Brian Nesta**
**Individually and in his official**
**capacity**
**255 Oak Avenue**
**Toms River, NJ 08753,**

**Gregory Hopper**
**Individually and in his official**
**capacity**
**255 Oak Avenue**
**Toms River, NJ 08753,**

**International Association of Chiefs of**
**Police**
**515 N. Washington Street**
**Alexandria, VA 22314,**

**John Does 1-5**
**Individually and in their official**
**capacity**

**Defendants.**

## INTRODUCTION

1. This action for declaratory, injunction, monetary and other appropriate relief is brought by Plaintiffs to redress the violations by the Defendants of the rights secured to Plaintiffs by the laws of the United States of America and the statutory and common law of the State of New Jersey. Among other things, Plaintiffs seek recover for damages suffered due to Defendant's illegal manipulation of a promotional exam and exam results.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction lies over the state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy, exclusive of interest and costs, exceeds the sum of one hundred thousand dollars ($100,000.00).

## VENUE

5. All the claims herein arose within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391 (b) and (c).

## PARTIES

6. Plaintiff Paul Kaminski is a citizen of the State of New Jersey, residing therein at 2624 18th Avenue, Wall, New Jersey, 07719.

7. Plaintiff Stephen J. Russell is a citizen of the State of New Jersey, residing therein at 214 Huntington Avenue, Pine Beach, New Jersey, 08741.

8. Plaintiff Frank T. Palino is a citizen of the State of New Jersey, residing therein at 23 Ridgemont Drive, Lanoka Harbor, New Jersey 08734.

9. Plaintiff Richard T. Ross is a citizen of the State of New Jersey, residing therein at 1902 Charlton Circle, Toms River, New Jersey, 08755.

10. Defendant Toms River, New Jersey is a township within the State of New Jersey located at the above address.

11. Defendant Michael Mastronardy is and was at all times material hereto, the Chief of Police of the Toms River Police Department, located at 255 Oak Avenue Toms River, NJ, 08753.

12. Defendant Former Deputy Chief of Police Vincent Pedalino was at all time material hereto the Deputy Chief of Police of Toms River New Jersey Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

13. Defendant Steven Gerding was at all times material hereto a Lieutenant of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

14. Defendant Raymond Maloney was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

15. Defendant William Morsch was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

16. Defendant Michael Miller was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

17. Defendant Christopher Dudzik was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

18. Defendant Christopher Anderson was at all times material hereto an officer of the Toms Police River Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

19. Defendant Patrick Dellane was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

20. Defendant Shaun O'Keefe was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

21. Defendant Jeffrey Lennox was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

4

22. Defendant Michael Brosnan was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

23. Defendant Brian Nesta was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

24. Defendant Gregory Hopper was at all times material hereto an officer of the Toms River Police Department with business address at 255 Oak Avenue, Toms River, NJ 08753.

25. Defendant International Association of Chiefs of Police ("IACP") is an association with headquarters at 515 North Washington Street, Alexandria, VA 22314.

26. John Does 1 through 5 are police officers acting individually and in their official capacities who participated in manipulating and tainting the Sergeants and Lieutenants exams and whose identities are not known.

## FACTS

27. In 2006, the Township of Toms River, through its police department, administered promotional examinations to police officers. The promotional exams were used to determine which police officers would be promoted to the rank of Sergeant and Lieutenant.

28. The exams were approved by the Toms River Township Council, under contract with the International Association of Chiefs of Police to administer the tests.

29. Said contract states, "The Association will conduct a job analysis and develop and administer a written examination and in-basket exercise for the purpose of assisting the Agency in evaluating individuals to serve as Sergeant in the Doer [sic] Township Police Department. The Association will conduct job analysis and develop and administer a written examination, an oral presentation exercise, and in-basket exercise for the purpose of assisting the Agency in evaluating individuals to serve as Lieutenant in the Dover Township Police Department. The Association will also provide trained evaluators, data collection and computation for employee evaluations, and association reports."

30. The Sergeants Exam was announced on July 26, 2006.

31. The Sergeants Exam consisted of four sections.

32. The first section of the Sergeants Exam was written section comprised of 100 multiple choice questions. This section was worth 35% of the total exam. This multiple choice section was objectively graded.

33. The multiple choice section of the Sergeants' exam was written and graded by the IACP.

34. Longevity counted as the second section of the exam and was worth 10% of the total of the Sergeants Exam. For every month of service 0.0555 points were added to the applicant's score, for a maximum number of 10 points. Half of these points were added to the multiple choice section of the exam, half were added to the final score.

35. 51 Police officers took the multiple choice section of the Sergeants Exam. 50 of them took the exam on December 3, 2006. One officer was permitted to take the exam late because he was serving in Iraq on the date the test was administered. Only the top 25 scorers (counting points added for longevity), plus the officer who was serving in Iraq, were permitted to take the other sections of the exam. All other applicants were eliminated from taking the other sections of the exam, since they did not score in the top half of the multiple choice section.

36. The third section of the Sergeants Exam was an in-basket written exam, comprised of situational questions to which the applicants gave a written response. This section was worth 35% of the total exam. This portion of the exam was to be prepared and graded by the IACP pursuant to the contract.

37. The in-basket section of the Sergeants Exam consisted of hypothetical situations to which the applicants gave written responses.

38. A portion of all the in-basket questions were written by Defendants Chief Mastronardy and Defendant Former Deputy Chief Pedalino, contrary to the agreement with the IACP.

39. The in-basket section of the Sergeants Exam was administered on December 6, 2006.

40. In the final section of the Sergeants Exam, applicants' records as police officers were evaluated by three evaluators. This section was worth 20% of the total exam. This section featured 44 criteria, each of which was subjectively graded on a scale of 1 to 7. The applicants were not present at this evaluation.

41. Between December 11 and December 18, 2006, the applicants who took the Sergeants Exam were each evaluated by a three-person panel. Each applicant was evaluated by two permanent evaluators, Lieutenant Steven Gerding, Lieutenant Mitch Little. Each applicant could also choose a third evaluator. Plaintiffs Kaminski, Russell and Palino chose Sergeant Wetzel to be their evaluator.

42. The evaluation sections of the Sergeants Exam were scored by those three members of the Toms River Police Department and not by the IACP. The scores were to be sent directly to the IACP.

43. It was not learned until March of 2009 that Lieutenant Gerding maintained a list of his own grading sheets. Furthermore, upon information and belief, Gerding , while scoring the Sergeant applicants, compared scores with other applicants in order to give higher scores to those applicants that the Chief and Deputy Chief favored. Gerding also maintained the scoring sheet during the entire grading process and subsequent thereto.

44. The scores were then forwarded to the Deputy Chief for his review and not directed to the IACP, contrary to the Agreement. The scores were reviewed by the Deputy Chief who further changed them to promote individuals he favored.

45. Out of the 26 people who passed the multiple choice section of the Sergeants Exam, seven were promoted. One officer was promoted in May 2007, four were promoted in June of 2008, one was promoted in May of 2009 and one was promoted in January of 2010.

46. The results of the exams were never published. At the time the exams were administered, those officers who took the exam, including the Plaintiffs, did not have any reason to know or believe that the exam was administered in a way that was inappropriate.

47. In June 2008, Plaintiff Paul Kaminski had a conversation with Defendant Chief Mastronardy in which Mastronardy stated, I hear you have a problem with your evaluation scoring portion of the exam because of some type of manipulation and then further stated "Well I got to do what I got to do, just like you got to do what you got to do," referring to Lieutenant Gerding, and how he did not want to promote Gerding to Captain.

7

48. Subsequent to that conversation, Defendant Chief Mastronardy stated that he was going to investigate the exam process.

49. At all times material herein, the Chief was under a duty to investigate the test scores once he discovered that they may be tainted and he received a request from Plaintiff Kaminski.

50. In April 2009, Plaintiff Paul Kaminski had another conversation with Defendant Chief Mastronardy regarding manipulation of an entrance exam for police officers. In this conversation, Defendant Chief Mastronardy intimated that the 2006 sergeants' exam may also have been tainted to promote those officers that the Deputy Chief wanted to promote. This was the first time that Plaintiff Paul Kaminski believed that the results of the exams may have been manipulated.

51. Based on this conversation, Plaintiff Paul Kaminski submitted an Open Public Records Act Request regarding the grading of the exams on July 13, 2009. He received a response on September 8, 2009. In that response, he found the scoring of all the individuals who took the exam. Certain individuals who scored lower in the in-basket and the multiple choice section were ultimately promoted based on the evaluations portions. Moreover, these test score results demonstrate that the Sergeants Exam was manipulated and tainted to favor certain police officers.

52. As a result of the tainted and manipulated exam, Defendants Raymond Maloney, William Morsch, Michael Miller, Christopher Dudzik, Christopher Anderson, Patrick Dellane and Shaun O'Keefe were promoted to Sergeant and Defendants Jeffrey Lennox, Michael Brosnan, Brian Nesta and Gregory Hopper were promoted to Lieutenant. Furthermore, these individuals were favored and received preferential treatment from Defendants Chief Mastronardy and Deputy Chief Pedalino.

53. Upon information and belief, John Does 1 through 5 are police officers acting individually and in their official capacities who participated in manipulating and tainting the Sergeants and Lieutenants exams and whose identities are not known.

## **Paul Kaminski**

54. Plaintiff Paul Kaminski has been a police officer in the Toms River Police Department since December 28, 1988.

55. Plaintiff Paul Kaminski is a Senior Patrol Officer who holds the rank of Corporal.

56. On December 3, 2006, Plaintiff Paul Kaminski took and passed the multiple choice section of Toms River Police Department Sergeants Exam.

57. Plaintiff Paul Kaminski then took the in-basket exam and was evaluated by a three-person team of evaluators, including Defendant Steven Gerding, Lieutenant Mitch Little and Sergeant George Wetzel.

58. Among the 51 officers who took the exam, Plaintiff Kaminski was ranked 14th.

59. Plaintiff did not know at the time that the results of the exam were being wrongfully manipulated.

60. In April 2009, Plaintiff Paul Kaminski had a conversation with Defendant Chief Mastronardy regarding manipulation of a police entrance exam. In this conversation, Defendant Chief Mastronardy intimated that the 2006 sergeants' exam may also have been manipulated to promote those officers that the department and the Deputy Chief wanted to promote. This was the first time that Plaintiff Paul Kaminski believed that the exam results had been manipulated.

61. In or about February 2010, Plaintiff Kaminski had a conversation with Lieutenant Gerding wherein he learned that Lieutenant Gerding had maintained scores from the  evaluations portion of the exam in violation of the exam process.

62. Due to the manipulation of the exam results by Defendants, Plaintiff Paul Kaminski was not promoted to Sergeant.

### **Stephen Russell**

63. Plaintiff Stephen J. Russell has been a police officer in the Toms River Police Department since September 6, 1994.

64. Plaintiff Stephen J. Russell has been President of the Policemen's Benevolent Association (PBA) local 137 since June 2001.

65. In or about April 2006, Plaintiff Stephen J. Russell proposed Civil Service System in the Toms River Police Department and met with strong opposition from the Fraternal Order of Police ("FOP"), of which Defendant Gerding was President, and who wanted to maintain the present system which included promotion not based on Civil Service criteria.

66. On December 3, 2006, Plaintiff Stephen Russell took and passed the multiple choice section of the Toms River Police Department Sergeants Exam.

67. Plaintiff Stephen Russell was evaluated by a three-person team of evaluators, including Defendant Steven Gerding, Lieutenant Mitch Little and Sergeant George Wetzel.

68. Defendant Steven Gerding retaliated against Plaintiff Stephen Russell, due to his proposing a Civil Service System that would have changed the promotion process and which would have created animosity towards him as PBA President, by giving him a low score in the evaluation portion of the exam.

69. Among the 51 officers who took the promotional exam, Plaintiff Russell was ranked 16th.

70. Plaintiff Paul Kaminski told Plaintiff Stephen Russell about the conversation he had with Defendant Chief Mastronardy in April 2009, Defendant Chief Mastronardy, in which he intimated to Plaintiff Paul Kaminski that the results of the exam had been manipulated and the evaluation portion of the exam had been tainted. This was the first time Plaintiff Stephen Russell believed that the results of the 2006 exam had been manipulated.

71. Due to the manipulation of the exam results by Defendants, Plaintiff Stephen Russell was not promoted to Sergeant.

## **Frank Palino**

72. Plaintiff Frank Palino has been a police officer in the Toms River Police Department since October 1, 1990.

73. Plaintiff Frank Palino has been Vice President of the PBA local 137 since June 2003.

74. In or about April 2006, Plaintiff Frank Palino, along with Plaintiff Russell, proposed a Civil Service process in the Toms River Police Department and met with strong opposition from

10

the FOP, of which Defendant Gerding was President, who wanted to maintain the present system which included promotions not based on Civil Service criteria.

75. On December 3, 2006, Plaintiff Frank Palino took and passed the multiple choice section of Toms River Police Department Sergeants Exam.

76. Plaintiff Frank Palino then was evaluated by a three-person team of evaluators, including Defendant Steven Gerding, Lieutenant Mitch Little and Sergeant George Wetzel.

77. Defendant Steven Gerding retaliated against Plaintiff Frank Palino, due to his proposing a Civil Service System that would have changed the promotion process and which would have created animosity towards him as PBA Vice President, by giving him a low score in the evaluation portion of the exam.

78. Among the 51 officers who took the promotional exam, Plaintiff Palino was ranked 22nd.

79. Plaintiff Paul Kaminski told Plaintiff Frank Palino about the conversation he had with Defendant Chief Mastronardy in April 2010, in which he intimated to Plaintiff Paul Kaminski that the results of the exam had been manipulated. This was the first time Plaintiff Frank Palino believed that the results of the 2006 exam had been manipulated.

80. Due to the manipulation of the exam results by Defendants, Plaintiff Frank Palino was not promoted to Sergeant.

## **Richard Ross**

81. Plaintiff Richard Ross has been a police officer in the Toms River Police Department since October 1, 1990.

82. Plaintiff Richard Ross was promoted to Sergeant on August 10, 2004.

83. On December 3, 2006 Plaintiff Richard Ross took and passed the multiple choice section of Toms River Police Department Lieutenants Exam.

84. The Lieutenants Exam was conducted in a manner similar to the Sergeants Exam.

85. The Lieutenants Exam consisted of five sections: an oral presentation worth 23.33%, an in-basket worth 23.33%, a multiple choice section worth 23.33%, an evaluation worth 20% and seniority worth 10%.

11

86. The Lieutenants Exam began with a 100 question, multiple choice section that was objectively graded by the IACP and worth 23.33 percent of the total score.

87. All applicants who took the multiple choice section then took the other sections of the Lieutenants Exam, regardless of their scores in the multiple choice section.

88. The in-basket section of the Lieutenants Exam was written by members of the Toms River Police Department, in violation of the contract with the IACP.

89. The Lieutenants Exam also included an oral presentation on a budgetary issue. The materials for the oral presentation were written by Defendant Chief Mastronardy in violation of the contract with the IACP.

90. The next section of the Lieutenants Exam was the evaluation. This section was to be objectively graded by members of the Toms River Police Department.

91. Plaintiff Richard Ross was then evaluated by a team of three evaluators including Captain Henry, Lieutenant Gerding and Captain Kohler.

92. Defendants manipulated portions of the Lieutenants exam to prevent Plaintiff from being promoted.

93. Plaintiff Paul Kaminski told Plaintiff Richard Ross about the conversation he had with Defendant Chief Mastronardy in April 2009, Defendant Chief Mastronardy, in which he intimated to Plaintiff Paul Kaminski that the results of the promotional exams had been manipulated. This was the first time Plaintiff Richard Ross believed that the results of the 2006 Lieutenants Exam had been manipulated.

94. Plaintiff Ross also had a conversation with Lieutenant Gerding in March 2009 wherein he also intimated that the Lieutenants Exam process was tainted.

95. Due to the manipulation of the exam results by Defendants, Plaintiff Richard Ross was not promoted to Lieutenant.

**COUNT I**
**ALL PLAINTIFFS V. ALL DEFENDANTS**
**42 U.S.C. § 1983**
**DUE PROCESS**

96. Plaintiffs incorporate by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

97. Plaintiffs' right to a fair and transparent process of promotions is a right protected by the laws of the United States, including 42 U.S.C. § 1983.

98. Defendants deprivation of Plaintiffs' promotions was arbitrary and capricious and motivated by bad faith.

99. Plaintiffs were not afforded an unbiased, careful and deliberate review process either during or after the promotional exams.

100. Plaintiffs were denied a meaningful opportunity to appeal results of the promotional exams.

101. Defendants, through their actions, deprived Plaintiffs of their federally protected rights, privileges and immunities provided by federal law and the United States Constitution, and wrongfully denied them promotions, or the opportunity to take fair promotional exams.

102. Defendants are each liable, because each acted in violation of Plaintiffs' constitutional and civil rights, took no action to remedy the violation of Plaintiffs' constitutional and civil rights, and instead engaged in further wrongful acts after they became aware, or should have become aware, of the unconstitutionality and unlawfulness of their actions.

103. Defendants violated the provisions of 42 U.S.C. § 1983, in that Defendants, acting under color of state law, deprived Plaintiffs of the privileges and immunities secured to them by the Due Process clause of the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

> **a.** Declare the Sergeants Exam to be null and void and a new Sergeants Exam to be announced and taken for all candidates who were eligible to take the 2006 Sergeants Exam.

> **b.** Declare that all Officers who were promoted to Sergeant pursuant to the tainted exam be reduced to their former ranks, and/or in the alternative,

promoting Plaintiffs Kaminski, Russell and Palino to Sergeant.

c. Declare the Lieutenants Exam to be null and void and a new Lieutenants
Exam to be announced and taken for all candidates who were eligible to
take the 2006 Lieutenants Exam.

d. Declare that all Officers who were promoted to Lieutenant pursuant to the
tainted exam be reduced to their former ranks, and/or in the alternative,
promoting Plaintiff Ross to Lieutenant.

e. Enter a declaratory judgment that Defendants' acts complained of herein
have violated and continue to violate the rights of Plaintiffs as secured by
the United States Constitution;

f. Award Plaintiffs compensatory damages including but not limited to:
pain, suffering, past economic loss, future economic loss, back pay, front
pay, wage increases, loss of life's pleasures, loss of reputation, benefits,
emotional distress and other damages;

g. Award reasonable costs and attorney's fees;

h. Award punitive damages; and

i. Grant any other relief this Court deems just and proper under the
circumstances.

### COUNT II
### ALL PLAINTIFFS V. ALL DEFENDANTS
### 42 U.S.C. § 1983
### EQUAL PROTECTION

104. Plaintiffs incorporate by reference the preceding allegations of this Complaint as though
each were individually set forth herein at length.

105. Plaintiffs' right to a fair and transparent process of promotions is a right protected by the laws of the United States, including 42 U.S.C. § 1983.

106. Plaintiffs have the right to fair and equal treatment under the law, as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

107. Defendants have intentionally singled out and treated Plaintiffs less favorably than other similarly-situated persons, without any rational basis for that treatment. Specifically, that Plaintiffs were not graded objectively during the Sergeants and Lieutenants exam process.

108. Defendants, through their actions, deprived Plaintiffs of their Federally protected rights, privileges and immunities provided by federal law and the United States Constitution, and wrongfully discriminated against them, and Plaintiffs are thereby entitled to redress and damages for Defendants' violation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983.

109. Defendants are each liable, because each acted in violation of Plaintiffs' Constitutional and Civil Rights, took no action to remedy the violation of Plaintiffs' Constitutional and Civil Rights and instead engaged in further wrongful acts after they became aware, or should have become aware, of the unconstitutionality and unlawfulness of their actions.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

      a. Declare the Sergeants Exam to be null and void and a new Sergeants Exam to be announced and taken for all candidates who were eligible to take the 2006 Sergeants Exam.

      b. Declare that all Officers who were promoted to Sergeant pursuant to the tainted exam be reduced to their former ranks, and/or in the alternative, promoting Plaintiffs Kaminski, Russell and Palino to Sergeant.

      c. Declare the Lieutenants Exam to be null and void and a new Lieutenants Exam to be announced and taken for all candidates who were eligible to take the 2006 Lieutenants Exam.

d. Declare that all Officers who were promoted to Lieutenant pursuant to the tainted exam be reduced to their former ranks, and/or in the alternative, promoting Plaintiff Ross to Lieutenant.

e. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

f. Award Plaintiffs compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

g. Award reasonable costs and attorney's fees;

h. Award punitive damages; and

i. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT III
### PLAINTIFFS RUSSELL AND PALINO v. DEFENDANTS TOWNSHIP OF TOMS RIVER, MASTRONARDY, PEDALINO AND GERDING
### 42 U.S.C. § 1983
### FIRST AMENDMENT VIOLATIONS

110. Plaintiffs incorporate by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

111. Defendants violated the provisions of 42 U.S.C. § 1983, in that Defendants, acting under color of State law, deprived Plaintiffs of the privileges and immunities secured to them by the First and Fourteenth Amendments of the United States Constitution and, in particular, their

right to hold employment without infringement of their First Amendment right to freedom of speech.

112. Plaintiffs engaged in activity protected by the First Amendment when they spoke out in favor of Civil Service style examinations for police officers.

113. Defendants discriminated against them by giving them low scores on the promotional exam in retaliation for their support of Civil Service style examinations.

114. Defendants actions aforesaid were intentional, willful, and reckless and were to penalize and retaliate against Plaintiffs for their exercise of fundamental First Amendment rights.

115. As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered and will in the future suffer pain, emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation, lost wages, lost wage earning capacity, loss of benefits, and past and future medical expenses.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

a. Declare the Sergeants Exam to be null and void and a new Sergeants Exam to be announced and taken for all candidates who were eligible to take the 2006 Sergeants Exam.

b. Declare that all Officers who were promoted to Sergeant pursuant to the tainted exam be reduced to their former ranks, and/or in the alternative, promoting Russell and Palino to Sergeant.

c. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

d. Award Plaintiffs compensatory damages including but not limited to:

pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

**e.** Award reasonable costs and attorney's fees;

**f.** Award punitive damages; and

**g.** Grant any other relief this Court deems just and proper under the circumstances.

**COUNT IV**
**ALL PLAINTIFFS V. CHIEF MASTRONARDY**
**OFFICIAL MISCONDUCT**

116. Plaintiffs incorporate by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

117. Defendant Mastronardy manipulated the promotional exams to promote only those individuals they wanted to promote.

118. Defendant Mastronardy failed to investigate the complaints regarding the alleged manipulations of the promotional exams, despite the fact that they were required to investigate all such complaints.

119. Said acts were in violation of the law and constituted official misconduct on the part of Defendant Mastronardy.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

**a.** Declare the Sergeants Exam to be null and void and a new Sergeants Exam to be announced and taken for all candidates who were eligible to take the 2006 Sergeants Exam.

**b.** Declare that all Officers who were promoted to Sergeant pursuant to the

tainted exam be reduced to their former ranks, and/or in the alternative, promoting Plaintiffs Kaminski, Russell and Palino to Sergeant.

c. Declare the Lieutenants Exam to be null and void and a new Lieutenants Exam to be announced and taken for all candidates who were eligible to take the 2006 Lieutenants Exam.

d. Declare that all Officers who were promoted to Lieutenant pursuant to the tainted exam be reduced to their former ranks, and/or in the alternative, promoting Plaintiff Ross to Lieutenant.

e. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

f. Award Plaintiffs compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

g. Award reasonable costs and attorney's fees;

h. Award punitive damages; and

i. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT V
## ALL PLAINTIFFS V. ALL DEFENDANTS
## VIOLATION OF 42 U.S.C. §1983

120. Plaintiffs incorporate by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

121.   Defendant Township of Toms River developed and maintained a number of deficient policies
and/or customs which cause the deprivation of Plaintiffs constitutional rights.

122.   Defendant Township of Toms River's policies and customs encouraged Defendants
Mastronardy, Pedalino and Gerding to believe that they could violate the constitutional rights
of Plaintiffs with impunity and with the explicit or tacit approval of Defendant Township of
Toms River.

123.   The deficient policies and practices allowed Defendants Mastronardy and Pedalino to
conspire with others, including Defendant Gerding, to manipulate the Sergeants and
Lieutenants exams in order to favor certain police officers.  Said acts were in violation of law
and constituted official misconduct on the part of Defendants Mastronardy, Pedalino and
Gerding.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

a.   Declare the Sergeants Exam to be null and void and a new
Sergeants Exam to be announced and taken for all candidates who
were eligible to take the 2006 Sergeants Exam.

b.   Declare that all Officers who were promoted to Sergeant pursuant
to the tainted exam be reduced to their former ranks, and/or in the
alternative, promoting Plaintiffs Kaminski, Russell and Palino to
Sergeant.

c.   Declare the Lieutenants Exam to be null and void and a new
Lieutenants Exam to be announced and taken for all candidates
who were eligible to take the 2006 Lieutenants Exam.

d.   Declare that all Officers who were promoted to Lieutenant
pursuant to the tainted exam be reduced to their former ranks,
and/or in the alternative, promoting Plaintiff Ross to Lieutenant.

e. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

f. Award Plaintiffs compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

g. Award reasonable costs and attorney's fees;

h. Award punitive damages; and

i. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT VI
## ALL PLAINTIFFS V. ALL DEFENDANTS

124. Plaintiffs incorporate by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

125. Defendants to this count manipulated the promotional exams to promote only those individuals they wanted to promote.

126. Defendants to this count made material misrepresentation to Plaintiffs regarding the nature of the promotional exams by claiming that the exams were being graded fairly when in fact the results were being manipulated.

127. At all times material, Defendants to this count knew that the promotional exams were not being graded fairly but that the results were being manipulated.

128.    Defendants to this count intended for Plaintiffs to rely on the fairness of the exams when
they took the promotional exams.

129.    Plaintiffs relied on the fairness of the exams when they took the exams.

130.    Plaintiffs suffered damages when they were not promoted due to the manipulation of the
promotional exams.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

> a.  Declare the Sergeants Exam to be null and void and a new Sergeants
> Exam to be announced and taken for all candidates who were eligible to
> take the 2006 Sergeants Exam.
>
> b.  Declare that all Officers who were promoted to Sergeant pursuant to the
> tainted exam be reduced to their former ranks, and/or in the alternative,
> promoting Plaintiffs Kaminski, Russell and Palino to Sergeant.
>
> c.  Declare the Lieutenants Exam to be null and void and a new Lieutenants
> Exam to be announced and taken for all candidates who were eligible to
> take the 2006 Lieutenants Exam.
>
> d.  Declare that all Officers who were promoted to Lieutenant pursuant to the
> tainted exam be reduced to their former ranks, and/or in the alternative,
> promoting Plaintiff Ross to Lieutenant.
>
> e.  Enter a declaratory judgment that Defendants' acts complained of herein
> have violated and continue to violate the rights of Plaintiffs as secured by
> the United States Constitution;
>
> f.  Award Plaintiffs compensatory damages including but not limited to:
> pain, suffering, past economic loss, future economic loss, back pay, front
> pay, wage increases, loss of life's pleasures, loss of reputation, benefits,

22

emotional distress and other damages;

g. Award reasonable costs and attorney's fees;

h. Award punitive damages; and

i. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT VII

**ALL PLAINTIFFS V. DEFENDANTS TOWNSHIP OF TOMS RIVER AND THE INTERNATIONAL ASSOCIATION OF CHIEFS OF POLICE**

### BREACH OF CONTRACT

131. Plaintiffs incorporate by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

132. A contract existed between the Defendant Township and the IACP.

133. Said contract states, "The Association will conduct a job analysis and develop and administer a written examination and in-basket exercise for the purpose of assisting the Agency in evaluating individuals to serve as Sergeant in the Doer [sic] Township Police Department. The Association will conduct job analysis and develop and administer a written examination, an oral presentation exercise, and in-basket exercise for the purpose of assisting the Agency in evaluating individuals to serve as Lieutenant in the Dover Township Police Department. The Association will also provide trained evaluators, data collection and computation for employee evaluations, and association reports."

134. Plaintiffs were intended third party beneficiaries of said contract.

135. Defendants failed to perform their obligations under the contract.

23

136. Defendant IACP failed to enforce the provisions of the contract by allowing the Defendants Chief and Deputy Chief to produce questions for the in-basket portion of the exam and allowing the Defendants Chief and Deputy Chief to review portions of the exam rather than forwarding all portions of the exam directly to the IACP.

137. Due to Defendants conduct, Plaintiffs suffered losses because they were not promoted, and did not have the opportunity to take a fair and transparent promotional exam for the purposes of being promoted.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

    **a.** Declare the Sergeants Exam to be null and void and a new Sergeants Exam to be announced and taken for all candidates who were eligible to take the 2006 Sergeants Exam.

    **b.** Declare that all Officers who were promoted to Sergeant pursuant to the tainted exam be reduced to their former ranks, and/or in the alternative, promoting Plaintiffs Kaminski, Russell and Palino to Sergeant.

    **c.** Declare the Lieutenants Exam to be null and void and a new Lieutenants Exam to be announced and taken for all candidates who were eligible to take the 2006 Lieutenants Exam.

    **d.** Declare that all Officers who were promoted to Lieutenant pursuant to the tainted exam be reduced to their former ranks, and/or in the alternative, promoting Plaintiff Ross to Lieutenant.

    **e.** Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

    **f.** Award Plaintiffs compensatory damages including but not limited to:

pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

**g.** Award reasonable costs and attorney's fees;

**h.** Award punitive damages; and

**i.** Grant any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**MARK B. FROST & ASSOCIATES**

_s/ Emily K. Murbarger_
MARK B. FROST & ASSOCIATES

DATED: June 4, 2010

25