*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

PAUL KAMINSKI, et al., : Civil Action No.: 10-2883 (FLW)

            Plaintiff, : **OPINION**

vs. :

TOWNSHIP OF TOMS RIVER, et al., :

            Defendants. :

_____:

**WOLFSON, United States District Judge:**

       This action arises out of examinations administered to Toms River's police officers for promotional purposes. Plaintiffs Paul Kaminski, Stephen J. Russell, Frank L. Palino, and Richard T. Ross ("Plaintiffs"), who were police officers at the time of the examinations, allege that Defendants International Association of Chiefs of Police ("IACP"), the Township of Toms River, Michael Mastronardy, Vincent Pedalino, Stephen Gerding, Raymond Maloney, William Morsch, Michael Miller, Christopher Dudzik, Christopher Anderson, Patrick Dellane, Shaun O'Keefe, Jeffrey Lennox, Michael Bronsan, Brian Nesta, and Gregory Hopper (collectively, "Defendants"), gave preferential treatment to select examinees, which resulted in Plaintiffs being ineligible for certain promotions in violation of their constitutional rights. Presently before the Court, IACP moves to dismiss Count six of the Amended Complaint, which asserts a New Jersey common law fraud claim. For the reasons that follow, the Court grants defendant IACP's motion.

BACKGROUND

For the purposes of this motion, the Court will construe the Amended Complaint as true and only recount relevant facts necessary to resolve this motion.[1] In 2006, the Toms River police department administered promotional examinations to its police officers. Am. Compl., ¶ 27. The examinations were used to promote police officers to the rank of Sergeant or Lieutenant. Id. Plaintiffs took these examinations but they were not promoted to the respective rank. Am. Compl., ¶ 45. After the exam, Plaintiffs learned that scores had been allegedly manipulated by certain senior officers; senior officers were upwardly adjusting the scores of those examinees favored by both the Chief and Deputy Chief. Id. at ¶¶ 43, 51. The gist of Plaintiffs' claim is that the examinations were "manipulated and tainted to favor certain police officers" in violation of Plaintiffs' constitutional rights. Id. at ¶ 51.   Plaintiffs asserted five counts against against IACP. Previously, the Court dismissed all counts except Count six. The Court directed Plaintiffs to file a more definitive statement as to that Count. Subsequently, Plaintiffs amended Count six of the Complaint, alleging that Defendants, including IACP, committed fraud. IACP now moves to dismiss Count six pursuant to Fed. R. Civ. P. 12(b)(6).

DISCUSSION

A.  **Standard of Review**

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being

---

[1] In its Opinion dated April 14, 2011, the Court fully set forth the facts alleged in Plaintiffs' Complaint.  As such, the Court will incorporate, and refer to, that Opinion here.

asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46). Rather, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

3

than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than alleged the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

### B. Count Six – Common Law Fraud

In Count six of the Amended Complaint, Plaintiffs allege that Defendants, including IACP, misrepresented that the promotional exams would be graded fairly when they knew certain senior officers were manipulating exam results. Am. Compl., ¶ 126. Further, Plaintiffs allege that IACP knew of such manipulation and "other action[s]" that were taken by those senior officers to promote selected candidates, but failed to take any corrective action. Id. at ¶¶ 127-128. As a result, Plaintiffs assert that they relied upon the misrepresentation -- the fairness of the exams' result -- in taking the tests, and consequently, suffered damages because they were not promoted. Id. at ¶¶ 133-134.

Under New Jersey law, in order to sufficiently plead a claim for common law fraud "a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir.

4

2007) (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)). Importantly, and in particular, "a party must state with particularity the circumstances constituting fraud. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The heightened pleading standard for fraud "imparts a note of seriousness and encourages a greater degree of pre-institution investigation by the plaintiff." 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1296 (3d ed. 2004). Further, when there are multiple defendants charged with fraud, the purpose of a heightened pleading requirement is to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). Intent and knowledge can be alleged generally. Fed. R. Civ. P. 9(b).

As a preliminary matter, Plaintiffs argue that the Court should relax the Rule 9(b) pleading standard because in cases of corporate fraud, a party cannot be expected to have personal knowledge of the details of corporate internal affairs. Indeed, the Third Circuit has "relaxed [Rule 9(b)] when factual information is peculiarly within the [corporation's] knowledge or control." In re Craftmatic Sec. Litig., 890 F.2d 628, 645 (3d Cir. 1989). However, even under a relaxed application of Rule 9(b), a party must still allege that the factual information that would support a fraud claim is in the corporation's control and accompany this allegation with supporting facts. Id. (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989); MaDonna v. U.S., 878 F.2d 62, 66 (2d Cir. 1989); Stern v. Leucadia National Corp., 844 F.2d 997, 1003 (2d Cir.), cert. denied, 488 U.S. 852 (1988); DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1248 (2d Cir. 1987); Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986). Here, Plaintiffs do not allege that the relevant information to successfully plead their

fraud claim is in the exclusive control of IACP. Therefore, the Court has no basis to relax Rule 9(b)'s heightened pleading requirements.

With respect to the first factor, Plaintiffs allege that "[d]efendants to this count made material misrepresentations to Plaintiffs regarding the nature of the promotional exams by claiming that the exams were being graded fairly when in fact the results were being manipulated . . . ." Am. Compl., ¶ 126.  It is well established that to properly plead misrepresentation, a plaintiff must, at the minimum, identify the speaker of the misrepresentation with specificity. See, e.g., Klein v. General Nutrition Co., Inc., 186 F.3d 338, 345 (3d Cir. 1999); Frederico, 507 F.3d at 201; Granate State Ins. Co. v. UJEX, Inc., No. 03-1220, 2005 WL 1618792, at *8 (D.N.J. July 11, 2005). Here, Plaintiffs only generally allege that Defendants, including IACP, "made material misrepresentations" about the fairness of the promotional exams without any specificity. Am. Compl., ¶ 126. While the Third Circuit has held that the particularity language of Rule 9(b) should not be rigidly enforced, see Seville, 742 F.2d at 791, Plaintiffs have failed to plead sufficient facts with respect to the misrepresentations.  Notably, in their allegations, Plaintiffs do not differentiate which defendant made the misrepresentations, let alone identify IACP as the source of the misrepresentations, or further, who from IACP made such misrepresentations. Nor do Plaintiffs allege how IACP, or any of the other named defendants, made these misrepresentations -- whether the statements were written or oral and when they were made. Merely stating boilerplate language that Defendants "made material misrepresentations" will not suffice. In re Rockefeller Center Properties, Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2009).

Plaintiffs' fraud claim also fails on other grounds. Plaintiffs allege that IACP "had knowledge" of other named Defendants' "wrongful activity" of "preparing questions and reviewing exam results" and "intentionally and knowingly allowed" this conduct to occur. Am.

6

Compl., ¶¶ 127-128. As to the second and third factors, Rule 9(b) provides that "intent, knowledge and other conditions of a person's mind may be alleged generally." However, "formulaic recitation of the elements" is not entitled to the presumption of truth. Iqbal, 129 S.Ct. at 1951.  Plaintiffs merely allege that IACP "intentionally and knowingly" allowed manipulation of the exams to occur.  Reciting the elements is plainly insufficient; indeed, Plaintiffs have failed to allege any facts which would support the conclusory allegations that IACP had knowledge of the senior officers' alleged manipulation of the exam scores and that IACP "intended" for Plaintiffs to rely on the fairness of the exams.  See Onconome, Inc. v. Univ. of Pittsburgh, No. 09-1195, 2009 U.S. Dist. LEXIS 117451, at *39 (D.N.J. Dec. 17, 2009) (in the context of fraud, "conclusory statements unsupported by specific facts that do not survive the [Twombly] test for pleading intent").

    The allegation of reliance is equally devoid of factual specificity. Plaintiffs allege that they "relied on the fairness of the exams when they took the exams" and that they "suffered damages when they were not promoted due to the manipulation of the promotional exams." Am. Compl., ¶¶ 133-34. Again, Plaintiffs fail to "inject[] precision and some measure of substantiation into their allegations of fraud" regarding IACP's involvement with these exams. Seville, 742 F.2d at 791. The complaint must state "a plausible claim for relief," Iqbal, 129 S.Ct. at 1947, and the factual allegations must rise "above the speculative level." Twombly, 550 U.S. at 555. Reliance must also be reasonable. Frederico, 507 F.3d at 200.  To plead reliance, Plaintiffs allege that they "relied on the fairness of the exams when they took the exams."  Am. Compl., ¶ 133. Plaintiffs' allegation is conclusory and deficient.  Importantly, Plaintiffs have failed to inject any precision into this allegation by first not identifying which defendant and who on behalf of a defendant communicated the misrepresentations.  Without identifying the speaker

7

of the misrepresentations, Plaintiffs cannot allege that their reliance is reasonable because reasonableness in this context depends on whether the speaker has any authority to make such representations. Moreover, Plaintiffs' recitation of the boiler plate reliance language does not rise above the speculative level, particularly since Plaintiffs also failed to plead with specificity how they relied on the misrepresentations in taking the exams. See Triffin v. Automatic Data Processing, Inc., 394 N.J. Super. 237, 249 (App. Div. 2007) (to properly allege reliance, "a recipient of a fraudulent misrepresentation [must] rely on the misrepresentation "in acting or refraining from action"). Absent a reasonable reliance, Plaintiffs fail to properly plead their fraud claim pursuant to Rule 9(b)'s heightened pleading standards.

Curiously, in their fraud claim, Plaintiffs allege that all Defendants, including IACP, owed a fiduciary duty to Plaintiffs when a fiduciary relationship is not necessary in order to properly plead fraud. Regardless, Plaintiffs have failed to allege that a fiduciary relationship existed with IACP. A fiduciary duty "exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." Restatement (Second) of Torts § 874. Indeed, according to the Third Circuit, in order for a fiduciary duty to exist, there must be a "special relationship of trust and confidence" between the parties. Trianco, LLC v. IBM, 271 Fed. Appx. 198, 203 (3d Cir. 2008). An assertion of trust alone is not sufficient to allege that a fiduciary duty existed. Id. at 204. Here, Plaintiffs fail to allege any facts that would provide a basis that a special relationship existed with IACP. Plaintiffs simply allege that "[a]ll Defendants had a fiduciary duty to Plaintiffs." Am. Compl., ¶ 131. This is clearly insufficient. Therefore, the Court finds that Plaintiffs have failed to allege that IACP owed them a fiduciary duty.

## CONCLUSION

For the reasons stated above, Defendant IACP's motion to dismiss is GRANTED and Count six of the Amended Complaint against IACP is dismissed.  Because Count six is the only remaining count asserted against IACP, IACP is dismissed from this case as a defendant.


DATE:  June 29, 2011                                         /s/          Freda L. Wolfson
                                                                    Freda L. Wolfson, U.S.D.J.